# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

ROCCO CARMEN C.,[1]  ) Case No. EDCV 20-00991-AS
          )
     Plaintiff,  ) **MEMORANDUM OPINION**
          )
  v.       )
          )
ANDREW SAUL, Commissioner )
of the Social Security )
Administration,  )
          )
     Defendant.  )
_____ )

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), the Commissioner's decision is affirmed.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**PROCEEDINGS**

On May 8, 2020, Rocco Carmen C. ("Plaintiff") filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration. (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-12). On November 25, 2020, Defendant filed an Answer along with the Administrative Record ("AR"). (Dkt. Nos. 17-18). On February 10, 2021, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Dkt. No. 19).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS**

Plaintiff, formerly employed as a caregiver and in motel management (see AR 172-75, 353, 363-73), filed applications for Disability Insurance Benefits and Supplemental Security Income on September 6, 2016 and January 10, 2017, respectively, alleging a disability since September 6, 2016. (See AR 85, 331-37). Plaintiff's applications were denied, initially on June 14, 2017, and on reconsideration on September 20, 2017. (See AR 224, 255-56).

On January 16, 2019, Plaintiff, represented by counsel, testified at a hearing before Administrative Law Judge ("ALJ") Barry Robinson. (See AR 167-87). The ALJ also heard testimony from vocational expert

("VE") Joyce Brumbaugh. (See AR 187-90). On April 15, 2019, the ALJ issued a decision denying Plaintiff's requests for benefits. (See AR 85-96).

Applying the five-step sequential process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since September 6, 2016, the alleged onset disability onset date. (AR 87). At step two, the ALJ determined that Plaintiff had the following severe impairments: "attention deficit hyperactivity disorder sequela status post ventral hernia repair, osteoarthritis involving multiple joints; plantar fasciitis bilaterally, [and] posttraumatic arthritis of the right leg." (AR 87-88). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in the regulations. (AR 88-90).[2]

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[3] and found that Plaintiff could perform light work[4] with the following limitations: "can only frequently climb ramps and stairs"; "limited to only occasionally climbing ladders, ropes and scaffolds"; "can frequently balance, stoop, kneel, crouch, and crawl"; and "is able

---

[2] The ALJ specifically considered Listings 1.02 (major dysfunction of a joint(s)), 1.04 (disorders of the spine), and 12.02 (neurocognitive disorders). (AR 88-90).

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

3

to perform simple, unskilled work." (AR 90-94). At step four, the ALJ found that Plaintiff did not have any past relevant work. (AR 94). At step five, the ALJ determined, based on Plaintiff's age, education, work experience, RFC, and the VE's testimony, that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (AR 94-95). Accordingly, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 6, 2016 though April 15, 2019. (AR 95).

The Appeals Council denied Plaintiff's request for review on April 2, 2020. (AR 1-6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir.

2001)(internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).[5]

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred in failing to properly consider the opinion of an examining physician (Dr. Khoury). (See Joint Stip. at 4-8, 10).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from legal error.

**A.   The ALJ Properly Assessed the Opinion of Examining Physician, Dr. Khoury**

Plaintiff asserts that the ALJ failed to properly reject Dr. Khoury's opinion of Plaintiff's ability to stand and walk. (See Joint Stip. at 4-8, 10). Defendant asserts that the ALJ properly evaluated Dr. Khoury's opinion. (See Joint Stip. at 8-10).

---

[5] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(An ALJ's decision will not be reversed for errors that are harmless).

5

An ALJ must take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(b), 416.927(b).[6] The regulations differentiate between three types of physicians' opinions: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester, 81 F.3d at 830-31.

If an examining or treating doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir 2008); Lester, 81 F.3d at 830. If the examining or treating doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" that are supported by substantial evidence in the record for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester, 81 F.3d at 830. "The ALJ can meet this burden by

---

[6] Since Plaintiff filed his applications before March 27, 2017, 20 C.F.R. §§ 404.1527 and 416.927 apply. For an application filed on or after March 27, 2017, 20 C.F.R. §§ 404.1520c and 416.920c would apply. 20 C.F.R. §§ 404.1520c and 416.920c changed how the Social Security Administration considers medical opinions and prior administrative medical findings, eliminated the use of the term "treating source," and eliminated deference to treating source medical opinions. See 20 C.F.R. §§ 404.1520c(a), 416.920c(a); L.R. v. Saul, 2020 WL 264583, at *3 n. 5 (C.D. Cal. Jan. 17, 2020); Golightly v. Saul, 2020 WL 1916874, at *6 n. 5 (D. S.C. April 7, 2020); see also 82 Fed. Reg. 5844, at 5852 (January 18, 2017); 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016).

6

setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017)(citation omitted). Finally, an ALJ may reject an opinion of any physician that is conclusory, brief, and unsupported by clinical findings. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Farjalla Nassim Khoury, M.D., a Board Certified Medicine and Rehabilitation physician, completed a report following a comprehensive orthopedic examination of Plaintiff on April 23, 2017. (See AR 456-60). Plaintiff complained of chronic pain in the hands, knees, right leg and bilateral feet -- "[t]he pain is constant, throbbing, averages 5/10, and is worse with weightbearing and cold weather." (AR 456). After making physical examination findings (see AR 457-59), Dr. Khoury diagnosed Plaintiff with "[o]steoarthrosis, involving multiple joints," "[p]lantar fasciitis, bilaterally," and "[p]osttraumatic arthritis, right leg in the setting of prior fracture when the claimant was a teenager." (AR 459). Dr. Khoury opined that Plaintiff had the following limitations: a maximum standing and walking capacity of "up to four hours in an 8-hour workday secondary to the claimant's bilateral plantar fasciitis"; a maximum lifting/carrying/pushing/pulling capacity of "20 pounds occasionally and 10 pounds frequently, secondary to the claimant's osteoarthritis and chronic pain involving multiple joints"; and occasional "climbing, balancing, stooping, kneeling, crouching, and/or crawling secondary to the claimant's osteoarthritis and chronic pain involving multiple joints." (AR 459). Dr. Khoury also opined that

7

Plaintiff did not have any limitations or restrictions with respect to maximum sitting capacity, assistive devices, manipulative activities and workplace environmental activities. (AR 459-60).

The ALJ gave "great weight" to most of Dr. Khoury's opinions, but gave "less weight" to Dr. Khoury's opinion about Plaintiff's standing and walking limitation because it was inconsistent with evidence that Plaintiff had normal gait and motor strength during subsequent treatment sessions. (AR 92-93).

Since Dr. Khoury's opinion that Plaintiff can walk and stand up to 4 hours in an 8-hour workday was contradicted by the May 10, 2017 opinion of G. Spellman, M.D., a state agency medical examiner, that Plaintiff had the functional capacity to stand and/or walk about 6 hours in an 8-hour workday (AR 218),[7] the "specific and legitimate" standard applies to the ALJ's rejection of Dr. Khoury's opinion about Plaintiff's ability to walk and stand in an 8-hour workday. See Trevizo, 871 F.3d at 675.

Here, the ALJ properly gave less weight to Dr. Khoury's opinion that Plaintiff could walk and stand up to 4 hours in an 8-hour workday because it was not consistent with the medical record as a whole. See 20 C.F.R. §§ 404.1527(d)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."), 416.927(c)(4) (same). As the ALJ noted (see

---

[7] The ALJ gave "great weight" to Dr. Spellman's opinion. (AR 93).

8

AR 93), Dr. Khoury's opinion about Plaintiff's walking and standing limitations was inconsistent with the record of Plaintiff's physical examinations and test results. See AR 458-59 (Dr. Khoury's physical examination on April 23, 2017 shows normal gait and muscle strength), 465 (no impairment in gait observed during mental evaluation on May 27, 2017), 518-519 (August 21, 2017 X-rays of Plaintiff's feet reflect "[n]o significant abnormality"), and 548, 148, 132 (physical examinations on October 10, 2018, October 16, 2018 and November 27, 2018 show normal gait and station and normal muscle strength). Thus, the ALJ provided a specific and legitimate reason for rejecting Dr. Khoury's opinion about Plaintiff's abilities to stand and walk.

Contrary to Plaintiff's assertion (see Joint Stip. at 7), the ALJ's finding that Plaintiff had the severe impairment of plantar fasciitis bilaterally does not necessarily warrant a finding of corresponding limitations in the RFC determination. See Bray v. Comm'r, 554 F.3d 1219, 1228-29 (9th Cir. 2009)("Bray offers no authority to support the proposition that a severe mental impairment must correspond to a limitations on a claimant's ability to perform basic activities"). As Defendant points out, the ALJ's RFC determination limited Plaintiff to a restricted range of light work, thereby incorporating Plaintiff's standing/walking limitations. See Social Security Ruling 83-10.

//
//
//

**ORDER**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 7, 2021.

```
                              /s/
                           ALKA SAGAR
                  UNITED STATES MAGISTRATE JUDGE
```